RENDERED:  JULY 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0107-MR

MARY REYNOLDS, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF TONY LAMART
REYNOLDS                                                          APPELLANT


|   | APPEAL FROM FLOYD CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHNNY RAY HARRIS, JUDGE |
|   | ACTION NO. 24-CI-00372 |


APPALACHIAN REGIONAL
HEALTHCARE D/B/A OUR LADY OF
THE WAY HOSPITAL; KARL
HAGER, APRN; AND STEVEN HALL,
APRN                                                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, L. JONES, AND MOYNAHAN, JUDGES.

JONES, L., JUDGE:  On June 21, 2024, Mary Reynolds, Individually and as

Administrator of the Estate of Tony Lamart Reynolds, (collectively referred to as

Appellants) asserted malpractice and wrongful death actions against Appalachian

Regional Healthcare d/b/a Our Lady of the Way Hospital; Karl Hager, APRN; and Steven Hall, APRN (collectively referred to as Appellees) stemming from what she alleged was Appellees' negligent medical care of Tony Lamart Reynolds. Appellants' complaint did not include the certificate of merit required by KRS[1] 411.167. Appellees answered and discovery followed. Then, on November 1, 2024, Appellees moved to summarily dismiss the claims for a single reason: as of that date, Appellants still had not provided the requisite certificate of merit. Appellants filed no response to Appellees' motion. On December 30, 2024, the circuit court granted Appellees' motion. Appellants now appeal. Upon review, we affirm.

In the opening brief, Appellants claim the circuit court improperly dismissed their malpractice claims because:

> The Complaint adequately alleges claims of medical negligence and/or malpractice under Kentucky law. The Complaint sufficiently pleads facts to plausibly support that the Appellant's [sic] have a valid cause of action for medical malpractice as the complaint states the duty, breach, causation and damages. Furthermore, discovery has not been undertaken, and the facts should be developed to ensure the proper application of Kentucky law.

---

[1] Kentucky Revised Statute.

Appellant's Brief at 5. Stated otherwise, Appellants believe they satisfied CR[2] 12.02(f) by adequately stating claims in their complaint, and they believe the circuit court abused its discretion by dismissing their claims before providing an adequate opportunity to conduct discovery.

But Appellants' actions against Appellees were not dismissed due to their failure to state a claim pursuant to CR 12.02(f) – they were summarily dismissed pursuant to CR 56. Furthermore, even if Appellants had requested the circuit court provide more time to conduct discovery – and nothing of record suggests they did – that point would have been immaterial considering why the circuit court summarily dismissed the claims.

To reiterate, Appellants' claims were dismissed because, roughly six months after Appellants filed the medical negligence actions, Appellants still had not complied with KRS 411.167. That statute requires claimants who file actions involving malpractice or negligence against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, – as Appellants did here – to "file a certificate of merit with the complaint in the court in which the action is commenced." KRS 411.167(1).

---

[2] Kentucky Rule of Civil Procedure.

A "certificate of merit" is defined as "an affidavit or declaration" satisfying one of three alternatives listed in KRS 411.167 provides, in relevant part:

> (a) The claimant has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who the claimant or his or her counsel reasonably believes is knowledgeable in the relevant issues involved in the particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence the action;
>
> (b) The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by KRS Chapter 413 would bar the action and that the consultation could not reasonably be obtained before that time expired. *An affidavit or declaration executed pursuant to this paragraph shall be supplemented by an affidavit or declaration pursuant to paragraph (a) of this subsection or paragraph (c) of this subsection within sixty (60) days after service of the complaint or the suit shall be dismissed unless the court grants an extension for good cause*; or
>
> (c) The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because the claimant or his or her counsel had made at least three (3) separate good-faith attempts with three (3) different experts to obtain a consultation and that none of those contacted would agree to a consultation; so long as none of those contacted gave an opinion that there was no reasonable basis to commence the action.

KRS 411.167(2) (emphasis added).

As indicated, Appellants did not provide a certificate of merit with the complaint; Appellants did not do so within 60 days after service of the complaint; Appellants did not ask the circuit court to grant an extension to enable Appellants to provide a certificate; nor was the requirement of a certificate waived. Accordingly, pursuant to KRS 411.167(2)(b), the circuit court was required to dismiss the medical negligence actions. *See, e.g.*, *McMillin v. Sanchez*, 686 S.W.3d 145 (Ky. 2024) (requiring strict compliance and dismissal with prejudice for failure to comply with the certificate of merit requirement of KRS 411.167).

In the more robust *reply* brief, however, Appellants posit an additional argument in support of the appeal. Appellants represent that while the claims were pending below, they made a request of Appellees to provide all of the medical records relevant to the actions; that Appellees did not provide all of the records Appellants were entitled to receive; and, as such, KRS 411.167(5)[3] excused Appellants' noncompliance with any deadline for providing the certificate of merit.

We will not address this additional argument. "The reply brief is not a device for raising new issues which are essential to the success of the appeal."

---

[3] KRS 411.167(5) provides: "If a request by the claimant for the records of the claimant's medical treatment by the defendants has been made and the records have not been produced, the claimant shall not be required to file a certificate of merit under this section until ninety (90) days after the records have been produced. For purposes of this section, 'records' includes but is not limited to paper or electronic copies of dictations, video recordings, fetal heart monitor strips, and imaging studies."

*Milby v. Mears*, 580 S.W.2d 724, 728 (Ky. App. 1979). Nor was this issue raised below. As this Court has consistently held, "[a] basic general principle of the Rules of Civil Procedure is that a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it." *S.T. v. Cabinet for Health and Fam. Servs.*, 585 S.W.3d 769, 777 (Ky. App. 2019) (citing *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964)). Finally, as Appellants have not requested palpable error review of this issue, appellate review has been waived. *See Couch v. Commonwealth*, 686 S.W.3d 172, 182 (Ky. 2024).

When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Appellants) and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Considering the foregoing, the circuit court committed no error in finding there was no genuine issues as to any material fact and that Appellees were accordingly entitled to judgment as a matter of law.

Accordingly, we AFFIRM.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Glenn Martin Hammond
Pikeville, Kentucky

BRIEF FOR APPELLEE
APPALACHIAN REGIONAL
HEALTHCARE, INC. D/B/A OUR
LADY OF THE WAY HOSPITAL:

Stephen Burchett
Hannah DePoy Hayden
Lexington, Kentucky

BRIEF FOR APPELLEES KARL
HAGER, APRN; AND STEVEN
HALL, APRN:

Jeffrey Darling
Stuart Thaman
Lexington, Kentucky